# Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Joseph R. Kullen, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*John H. Thomas,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 31, 1975:

This is an appeal by Joseph R. Kullen from an order of the Unemployment Compensation Board of Review dated October 30, 1974, which reversed a referee's award of benefits to Kullen. The only question presented is whether the Board's findings of fact support its conclusion that Kullen was discharged for "willful miscon-

duct," as that term is used in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We conclude that the findings are inadequate and reverse.

By the Board's admission, there is only one finding of fact which can support its conclusion. This finding reads as follows:

"On February 16, 1972, the claimant was discharged because of a generally uncooperative attitude toward his work. Specifically, he displayed a refractory attitude in accepting job assignments, and indulged in what the employer termed 'horseplay' around the office."

The Board, in its brief, acknowledges that "a claimant's attitude per se is seldom grounds for ineligibility under Section 402(e) of the Law." An employe's poor attitude must be coupled with some specific conduct adverse to his employer's interest, or result in some identifiable detriment to the employer before a conclusion of willful misconduct is justified. Even a casual reading of the guidelines set forth by this Court in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973) makes it obvious that some detriment to the employer's interest must be shown.

Neither the Board's finding that Kullen had a "refractory attitude" toward his work, nor its finding that Kullen engaged in "horseplay" is sufficiently specific to justify the Board's conclusion. The Board did not find as a fact that Kullen had refused to perform an assigned task, or that he had discharged his duties in an unsatisfactory manner. Neither did the Board find as a fact that the "horseplay" involved any incident of significance to the employer. The terms "refractory attitude" and "horseplay" are not precise enough to be relied upon in reaching the legal conclusion of willful misconduct.

Accordingly, we

ORDER

AND NOW, this 31st day of October, 1975, it is ordered that the order of the Unemployment Compensation Board of Review in the above-captioned matter, dated October 30, 1974, is reversed.