Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Theodore P. Dravage, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Mark A. Peleak,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 10, 1976:

In this unemployment compensation case, all of the compensation authorities denied benefits to Theodore P. Dravage (claimant) because they concluded that his unemployment was due to his discharge because of willful misconduct connected with his work.[1]

The concept of willful misconduct is now well defined in the law, and we see no reason to repeat here the concise explanations we have previously set down in our

---

1. *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

opinions. For our limited purposes, we merely note that, in order to prevent a claimant from being granted benefits, an *employer must* first *carry* the burden placed upon it of proving that the claimant has deliberately violated the employer's rules or has disregarded the standards of behavior which the employer has the right to expect of its employees. *See Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A. 2d 422 (1974) ; *Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 296 A. 2d 297 (1972). Our review of unemployment compensation cases concerns itself with questions of law and, absent fraud, with determinations of whether the Board's findings are supported by the evidence. *MacDonald v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 494, 333 A. 2d 199 (1975).

The Unemployment Compensation Board of Review (Board), in adopting the opinion of the referee, made the following pertinent findings of fact:

"3. The employer discharged the claimant because of insubordination.

"4. The claimant frequently acted in an insubordinate manner toward his route manager and the employer discharged the claimant when a replacement was secured."

Clearly, these findings are too vague to support an affirmative legal conclusion of willful misconduct. We find Judge KRAMER'S analysis in *Unemployment Compensation Board of Review v. Kullen,* 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975), to be controlling here. In *Kullen,* the Board made a finding of fact that the claimant was discharged because of a generally uncooperative attitude toward his work and because he indulged in "horseplay" around the office. We concluded that neither the Board's finding that Kullen had a "refractory attitude" toward his work nor its finding that

Kullen engaged in "horseplay" was sufficiently specific to justify the Board's conclusion that Kullen was discharged for willful misconduct. Likewise, the Board's finding here that the claimant was discharged because of insubordination is not a precise enough finding to be relied upon in reaching the legal conclusion of willful misconduct.

Additionally, we note that the testimony presented below on behalf of the employer is so vague as to be virtually meaningless. It certainly is insufficient to support even the inadequate findings adopted by the Board.[2] The employer has therefore failed to carry its burden of proof. Accordingly, we enter the following:

ORDER

And now, this 10th day of March, 1976, the order of the Unemployment Compensation Board of Review in the claim of Theodore P. Dravage is reversed.

---

2. The employer's allegations of claimant's misconduct eight months before discharge concern, *under the circumstances presented here,* events too remote in time to justify the subsequent discharge.