Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Larry Boff, Appellant.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*James M. Shilliday,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 21, 1976:

This is an appeal from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Larry Boff (claimant) was ineligible for benefits, having been dismissed for willful misconduct connected with his work. See Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e).

The claimant was employed by the Central Tax Bureau as an assistant manager in one of that organization's Pittsburgh offices. The referee made two pertinent findings of fact.

"2. During the latter part of this employment, the employer had considered the claimant to be an unsatisfactory employee because of various reasons one of which was using vulgar and profane language in the presence of female employees.

"3. On December 27, 1974, claimant directed vulgar and profane language towards his supervisor."

It appears that the supervisor left for a vacation on December 27, 1974, but, upon his return and after a meeting with the claimant, ordered the claimant's discharge on January 20, 1975 citing the misconduct noted.

As we have said in the past, not all instances of vulgar and offensive language addressed to a superior constitute such willful misconduct on the part of an employee as will justify denial of benefits. *Horace W. Long-*

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

*acre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974). Generally, it is not considered willful misconduct if there has been justifiable provocation and if the language is *de minimis,* and such a determination, of course, is left to the sound discretion of the Board which can judge credibility and weigh the evidence. Here it appears that the claimant was called to his supervisor's office on December 27, 1974 and was reprimanded for the manner by which he had delivered Christmas paychecks and bonuses to the other employees. As the claimant left the office, one of the clerical employees relayed to him a directive from the supervisor which brought about the claimant's vulgar and insubordinate expressions toward the supervisor.

We have carefully reviewed the record and believe that the claimant's language here was neither de minimis nor sufficiently provoked to be excusable. And, while there was some evidence that vulgar language was normally used in the office, we do not believe that the Board abused its discretion in concluding that the claimant's conduct as here recorded constituted willful misconduct. *Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 300 A.2d 310 (1973) ; *Jarema Unemployment Compensation Case,* 196 Pa. Superior Ct. 70, 1973 A.2d 698 (1961).

We, therefore, issue the following

### ORDER

AND NOW, this 21st day of May, 1976, the decision and order of the Unemployment Compensation Board of Review denying benefits to Larry Boff is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.