Robert W. Heefner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Robert W. Heefner, Appellant.

Argued December 9, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

528

*Brent A. Petrosky,* for appellant.

*David Bianco,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 10, 1977:

Robert Heefner (claimant) has filed this appeal from an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's denial of benefits. The referee's decision was based on a finding of willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1]

The question of whether the claimant's conduct constituted willful misconduct is one of law, with the burden of proof on the employer. *Unemployment Compensation Board of Review v. Cardellino,* 24 Pa. Commonwealth Ct. 617, 357 A.2d 710 (1976). Our scope

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which provides:

An employee shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

of reveiw here is confined to questions of law and to a determination of whether the findings of the referee and the Board are supported by substantial evidence. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975).

The only findings of fact made by the referee were:

1. Claimant was last employed by Curve-Inn and Restaurant, Mechanicsburg, Pennsylvania, as a bartender at an hourly rate of $3.00. His employment history covered some nine months. His last day of work was May 21, 1975.

2. On said date claimant was involuntarily terminated by reason of an excessive history of tardiness and absenteeism.

The second finding here is the only one that relates to the question of willful misconduct and, on its face, is merely a statement of the employer's reason for discharging the claimant. Careful reading discloses that it does not even state that there was a history of tardiness and absenteeism.

Under the heading "Reasoning," the referee states, "The record as developed reflects generally that claimant did engage an *unusual* number of absenteeism periods, along with tardiness on some *frequent* basis." (Emphasis added.) Even if this were treated as a finding of fact, it still falls woefully short of the required specificity. The record here abounds with ambiguities and contradictions on such questions as the actual number of times claimant was absent or tardy, whether any of these occasions were justified or occurred with the employer's permission, whether the employer was notified in advance of absences or tardiness, whether a warning of the employer's dissatisfaction was given or can be implied, and whether there

were employer rules governing any. of these matters.[2] Without more findings of fact, it would be idle speculation for us to affirm the determination of willful misconduct by the referee and the Board. As we stated in *Kells, supra* note 2,

> [W]here the record is replete with contradiction, ambiguity, and hearsay testimony appellate review of such issues is virtually impossible without the proper findings of fact. 'An appellate court or other reviewing body should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level.' Page's Department Store v. Velardi, 464 Pa. 276, 346 A.2d 556 (1975).

22 Pa. Commonwealth Ct. at 482, 349 A.2d at 513-14. Therefore, we must reluctantly remand this case to the Board for the taking of additional testimony, if it deems it necessary, and for the making of additional findings of fact. *Kells, supra.*

We therefore issue the following

ORDER

AND Now, this 10th day of February, 1977, the record is remanded to the Unemployment Compensation Board of Review for the making of additional findings of fact consistent with this opinion.

---

[2] *See, e.g., Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976); *Unemployment Compensation Board of Review v. Williams*, 23 Pa. Commonwealth Ct. 188, 350 A.2d 882 (1976); *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975); *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973).