Anthony Costa, Appellant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review.

8

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three. Reargued June 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jana-Lyn Weisman,* for appellant.

*Michael D. Klein,* with him *George O. Phillips,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., June 29, 1977:

This appeal arises from a decision of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee, which found claimant ineligible for benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was last employed as a mailroom attendant, a job which he had held for approximately eighteen months. His last day of work was March 21, 1975. It appears from the record that on claimant's last day of work, while carrying out his job duties, claimant, for no apparent reason allegedly called his supervisor a liar. His statement was made in front of an entire office of employees. On the basis of this conduct and two prior incidents for which claimant had been reprimanded, claimant was discharged from his employment. Claimant then applied for unemployment compensation and was found eligible by the Bureau of Employment Security. Claimant's employer appealed this decision and the referee found that claimant had used abusive language toward his immediate supervisor and thus was guilty of "willful misconduct." On appeal to the Board this finding was affirmed. We agree.

Claimant raises two issues on appeal for our consideration. First, whether or not there is substantial evidence to support the findings of the Board; second, whether claimant's conduct (verbally abusing his supervisor) is "willful misconduct" as a matter of law.

Claimant argues that the findings of fact of the Board and referee are not supported by substantial evidence. The basis of this argument is that the testimony as to the alleged statement by claimant is hearsay. While this is true, claimant neglects the fact that he himself corroborated the hearsay statements.[1]

---

[1] In response to a question concerning whether or not claimant was present when his conduct was discussed and also whether the union was present (a certain Mr. Scott was the union representative), claimant stated:

Mr. Scott, yes. He said the only time he disagreed with me was when he thought I called her [the Supervisor] a liar. . . .

10

It is axiomatic that hearsay statements which are not objected to[2] and are corroborated by competent (non-hearsay) evidence are given their natural probative effect.[3] Thus, the combination of the hearsay and claimant's own evidence are substantial competent evidence on which the referee could base a finding of fact.

Claimant further argues that his conduct does not constitute "willful misconduct" as a matter of law. Surely there is no argument that calling a supervisor a liar would qualify as an abrasive, vulgar, or offensive remark. While this Court has stated certain abrasive, vulgar and offensive remarks are not "willful misconduct" this has generally only been where the remark is justifiably provoked and it is de minimis. *Unemployment Compensation Board of Review v. Boff*, 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976); *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974). There is no testimony in the record as to provocation immediately prior to the claimant's abrasive statement nor can we conclude that his calling his supervisor a liar is de minimis.

Accordingly, we will enter the following

ORDER

Now, June 29, 1977, the decision of the Unemployment Compensation Board of Review dated February 23, 1976, is affirmed and the appeal by the claimant, Anthony Costa, is dismissed.

---

[2] Claimant did not object to the testimony offered by the employer's representative.

[3] See this Court's decision in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

I cannot agree that there is substantial evidence in the record to support the Board's finding that the "claimant used abusive language toward his immediate supervisor." The only evidence presented by the employer to meet his burden of proving willful misconduct on the part of the claimant is the hearsay testimony of the employer's representative who was not himself present at the time of the incident. The claimant directly testified that he did not call his supervisor a liar, and I must disagree with the majority's conclusion that the claimant corroborated the hearsay testimony when he stated that another co-worker *thought* he had called his supervisor a liar. This is just more hearsay and it does not meet the requirement of competent corroborating evidence. A finding of fact based solely on hearsay cannot stand. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). I would, therefore, reverse the decision of the Board and grant benefits to this claimant.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I cannot discern a real difference between the factual setting of the instant case and that present in the case of *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974). In *Longacre*, a supervisor shouted an assignment to four employees as they began a scheduled work break and told them that, if they did not like it, they "could go home." The supervisor then grabbed claimant's arm and told her the assignment included her. The claimant then gratuitously advised the supervisor to "go to hell." We held under such

circumstance that claimant's language did not constitute willful misconduct.

In the instant case, the claimant was instructed by his supervisor to keep the key to the IBM machine concealed and in compliance did so by secreting the key by attaching it to the underside of his desk. The supervisor was unable to find the key when she searched for it, whereupon she complained to claimant that it was not in the desk. Claimant checked the desk, found the key where he had placed it, and showed it to the supervisor. This series of events provoked the claimant to tell the supervisor to stop making a liar out of him.

I agree with the following language in *Longacre*: "Far be it for us to suggest that vulgar and offensive language addressed a superior is not reprehensible and cannot be constituted 'willful misconduct.' However, as we have said in this instance, where there was provocation, and the offensive language must even be considered 'de minimis' if scrutinized by even the most puritanical standard, we hold that . . . the Claimant was not guilty of 'willful misconduct' . . . ." 12 Pa. Commonwealth Ct. at 180, 316 A.2d at 112.

In addition, the majority concedes that the testimony as to the alleged statement by claimant found to be abusive language is hearsay but holds that the claimant corroborated the employer's hearsay statements. I cannot agree that the claimant provided the *needed corroboration testimony* when he stated that a union representative had said that he, the union representative, "thought I called her a liar." This is no admission or corroboration by claimant of such a fact but only, and nothing more, a concession that a witness harbored such a thought, the truthfulness of which the claimant had always steadfastly denied. This point is even more germane where, as here, the witness was not present when the alleged statement was made.