Frank W. Curtis, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*James W. Carroll, Jr.*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

Opinion by Judge Mencer, November 21, 1977:

Frank W. Curtis, Jr. (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) finding him guilty of willful misconduct and therefore ineligible for unemployment benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended*, 43 P.S. §802 (e). This case presents another illustration of the impossibility of proper appellate review for errors of law, absent adequate findings of fact. Since the findings in this case cannot be construed to resolve all the factual issues necessary for this Court to draw a proper legal conclusion, we remand to the Board for the making of new, and adequate findings of fact.

Claimant, who was employed by Brighton Electric Steel Casting (employer) as a foundry foreman, was discharged following an incident which culminated in an explosion. Concerning this incident, the Board, following two hearings, made the following finding: "On September 9, 1975, claimant failed to pour molten metal as instructed, which resulted in an explosion in the furnace." On its face, this finding establishes a prima facie case of willful misconduct. However, before the Board and before this Court, claimant attempted to avoid this conclusion by contending that his deviation from the "instructions" was justifiable under the circumstances, since pouring the metal "as instructed" would have unnecessarily required the employer to incur the expense of reheating and repouring the metal to insure a quality product and since the explosion was a completely unforeseeable result of his conduct. In light of these contentions, the Board's finding concerning the incident is inadequate to allow us to pass on the legal question of whether claimant's conduct rose to the level of willful misconduct.[1]

The phrase "as instructed" is too ambiguous to allow us to decide whether or not there is merit in claimant's argument. If the claimant's deviation from the "instructions" was reasonable or justifiable under the circumstances, as it would be if claimant reasonably believed such deviation to be in his employer's

---

[1] The Board also found that the claimant "had established a record of not following instructions" and that this "past work history" was one of the reasons for claimant's discharge. In itself, this finding is too vague to support an affirmative legal conclusion of willful misconduct. See Unemployment Compensation Board of Review v. Dravage, 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976) ; Unemployment Compensation Board of Review v. Kullen, 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975). In addition, this finding may refer to events too remote in time to justify the subsequent discharge. See Unemployment Compensation Board of Review v. Dravage, supra.

best interests, his conduct could not be characterized as willful misconduct. *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976) ; *Unemployment Compensation Board of Review v. Iacano*, 30 Pa. Commonwealth Ct. 51, 357 A.2d 239 (1976). Claimant contended that equipment used to skim undesirable material off the metal was missing and that pouring the metal without this equipment would have produced poor quality castings. If claimant had been given specific instructions to pour the metal with or without the missing equipment, he would not have been entitled to substitute his own judgment for that of his superiors. If, however, the "instructions" were more general in nature, referring only to the normal situation when all necessary equipment was available, claimant, as foreman, may reasonably have decided that the best interests of his employer required deviation from the standard instructions to save the expense of reheating and repouring the metal. In fact, the testimony indicates that the claimant did not disregard any specific instructions but rather deviated from what was standard procedure. However, the Board's finding does not reveal the nature of the "instructions" which the claimant did not follow, so we are unable to conclude whether, as a matter of law, claimant's deviation was justified under the circumstances.

The Board's finding that claimant's decision not to pour the metal "resulted in" an explosion is not sufficient to resolve claimant's contentions. If claimant had known, or if he should have known, that a failure to pour the metal created a risk of explosion, with the concomitant risk of extensive property damage, he would have been acting in reckless disregard of his employer's interests and thus guilty of willful misconduct.[2]

---

[2] "It does not, of course, necessarily require the actual intent to wrong the employer, and '[i]f there is a conscious indifference

This would be true even in the absence of any applicable "instructions," since an employer may reasonably expect his employees not to disregard standards of safety without compelling reasons, and a purported desire to insure a quality product would not be sufficiently compelling. If, however, claimant neither knew nor should have known that failing to pour the metal was unsafe, his decision may still have been reasonable under the circumstances. Claimant testified that his conduct, in itself, created no danger of an explosion and that the explosion was the result of an undiscovered defect in the furnace. The Board's finding that claimant's decision "resulted in" the explosion does not resolve the issue, since the explosion may have been the completely unforeseeable result of claimant's conduct combined with the defect in the furnace. Although the employer offered testimony from which the Board could have concluded that the claimant knew, or should have known, of the danger, the claimant testified to the contrary, and the Board has failed to resolve the issue.

Whether or not claimant's conduct rises to the level of willful misconduct is a question of law, *see Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), which this Court is incapable of deciding, absent sufficient facts upon which to base our conclusion. *See, e.g., Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975); *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976); *Unemployment Compensation Board of Re-*

to the perpetration of a wrong, or a reckless disregard of the employee's duty to his employer he can be discharged for "willful misconduct" ' and will be denied benefits." *Lee v. Temple University (Personnel)*, 26 Pa. Commonwealth Ct. 156, 159, 363 A.2d 890, 891 (1976).

*view v. Cardellino*, 24 Pa. Commonwealth Ct. 617, 357 A.2d 710 (1976). We have stated on several occasions that an employee is only guilty of willful misconduct when he is, or should be, under the circumstances, conscious that his actions are inimical to the interests of his employer. *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 586, 361 A.2d 505, 507 (1976); *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 553, 317 A.2d 324, 326 (1974). The discussion above indicates that the evidence before the Board raised the issue whether or not the claimant knew or should have known that his decision was contrary to his employer's interests or whether he at all times acted in what he reasonably believed to be the employer's best interests.

As our Supreme Court said in *Page's Department Store v. Velardi, supra,* 464 Pa. at 287, 346 A.2d at 561, findings of fact "must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." We cannot infer that the issue was resolved against the claimant, since the Board may have considered the question of the reasonableness of the claimant's actions to be irrelevant in light of the explosion which resulted. As we said in *Heefner v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 527, 530, 368 A.2d 1382, 1383 (1977), without the essential findings of fact, "it would be idle speculation for us to affirm the determination of willful misconduct by the referee and the Board." Therefore, we enter the following

### ORDER

AND Now, this 21st day of November, 1977, this case is remanded to the Unemployment Compensation Board of Review for the making of new and adequate findings of fact.