Margaret A. Luketic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 27, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*James J. Lotz,* with him *Terry Thomas Ray,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 18, 1978:

Margaret A. Luketic (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order, reversing an award of unemployment compensation

benefits by the Bureau of Employment Security (Bureau). The referee denied benefits because of a finding that the claimant had been discharged because of willful misconduct connected with her work, grounds for ineligibility pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Act), 43 P.S. §802 (e).

The claimant was employed for eighteen months as a case worker for the McKeesport Neighborhood Ministry (employer). On June 1, 1976, she received a letter from her employer stating that "[d]ue to a loss in economic support for our work" she was to be laid off. A substantial portion of the employer's funding was received under contract from the Pennsylvania Department of Public Welfare (DPW), and the claimant inquired of the DPW as to whether or not the employer's funding had been reduced for the next fiscal year, thus necessitating layoffs. The DPW responded that the employer's funding levels were to remain the same and the DPW subsequently contacted the employer to inquire as to whether or not layoffs were actually financially required. The employer then wrote to the claimant on June 9, 1976 and told her to return to work, indicating that the reason advanced for the prior layoff was inconsistent with the employer's contractual relationship with the state. Eleven days after returning to work, however, the claimant attended a staff meeting at which the employer's associate director announced that the agency was having funding problems and that layoffs of personnel would be necessary. At this point, the claimant stated that she thought that the agency's administration was misleading the employees as to its alleged funding problems and stated that she intended to check with the DPW

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §751 et seq.

about the necessity for these layoffs. Two days later, she received a letter from the agency's executive director discharging her because of her "attitude of insubordination to superiors and incompatibility with coworkers." When she applied for unemployment compensation benefits, the Bureau approved her application, but the referee reversed on appeal, and the Board affirmed the referee's order. This appeal followed.

In willful misconduct cases, the burden of establishing the claimant's ineligibility is placed upon the employer and our scope of review is limited to questions of law and to a determination of whether or not the findings of the Board are supported by substantial evidence. *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 267, 360 A.2d 763, 765 (1976). The question as to whether or not a claimant's conduct constituted willful misconduct, of course, is one of law and subject to our review. *Unemployment Compensation Board of Review v. Walton,* 21 Pa. Commonwealth Ct. 47, 49, 343 A.2d 70, 71 (1975), and we have previously held that for an employee's behavior to constitute willful misconduct it must evidence: (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973). The claimant argues here, *inter alia,* that her behavior did not amount to willful misconduct.

The referee found that the claimant was discharged "[b]ecause of claimant's prior disruptive influence and negative attitude and also because of her actions at the staff meeting where she openly accused the employer of being less than honest with the staff." The referee, therefore, found that the claimant's discharge was precipitated by (1) her prior disruptive influence and negative attitude and (2) her actions at the staff meeting where she challenged the veracity of certain of the employer's statements.

This Court has previously held that a finding that a claimant had a poor attitude is insufficient in itself to justify a conclusion of willful misconduct. *Unemployment Compensation Board of Review v. Dravage,* 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976); *Unemployment Compensation Board of Review v. Kullen,* 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975). As Judge KRAMER stated for the Court in *Kullen*:

> An employe's poor attitude must be coupled with some specific conduct adverse to his employer's interest, or result in some identifiable detriment to the employer before a conclusion of willful misconduct is justified.

21 Pa. Commonwealth Ct. at 490, 346 A.2d at 927. Similarly, we believe that a finding that a claimant was a disruptive influence alone would be insufficient to justify a conclusion of willful misconduct. Our review, therefore, narrows here to a determination as to whether or not the claimant's conduct at the staff meeting coupled with her bad attitude is sufficient to support a conclusion of willful misconduct.

The referee made the following finding of fact concerning the claimant's behavior at the staff meeting:

> The claimant was openly critical of the employer's statement at the staff meeting concerning the funds and indicated at said meeting

that the employer was being less than honest with the employees and that she, personally, would check regarding the alleged shortage of funds.

This Court has recently held in *Costa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977), that a claimant's act of calling his employer a liar without justifiable provocation constituted willful misconduct. The decision in *Costa* was based on case law which recognized that vulgar and offensive language addressed to a superior, unless the language was justifiably provoked or de minimis, was behavior which disregarded the standards of behavior which an employer could rightfully expect of his employee and, therefore, constituted willful misconduct. *See Unemployment Compensation Board of Review v. Boff,* 24 Pa. Commonwealth Ct. 571, 357 A.2d 694 (1976); *Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974). A careful review of the record compels us to conclude that the present case is distinguishable from *Costa* and that the actions of the claimant here, as distinguished from those of the claimant in *Costa,* did *not* constitute willful misconduct.

In questioning the statements of the agency's assistant director, the claimant here did not use abusive or vulgar language which offended the sensibilities of those present. Moreover, in the unusual circumstances of this case, we believe that her questioning of the assistant director's statements concerning the agency's funding were reasonable in light of her recent experiences concerning the attempted layoff two weeks before. Our Supreme Court held in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976), that where the em-

ployee's action is justifiable or reasonable under the circumstances it cannot be considered willful misconduct, for it cannot properly be charged as a willful disregard of the employee's intents or rules or the standard of conduct the employer has a right to expect. Although the claimant's statements at the staff meeting may have appeared of sufficient moment to the employer to require her discharge, we do not believe that the law requires us to reinforce that decision by denying her benefits under the Act.

Our reading of the record indicates that the claimant raised in a non-abusive fashion what under the circumstances was a legitimate question as to a superior's statement. We do not believe that such conduct, even coupled with a finding of a bad attitude, can reasonably be classified as willful misconduct under the Act.

The order of the Board is reversed.

ORDER

AND Now, this 18th day of May, 1978, the order of the Unemployment Compensation Board of Review, numbered B-138499 and dated December 17, 1976, is hereby reversed and this case is remanded to the Board for the computation of benefits due the claimant.