John Endres, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

568

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Richard P. Perna,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 19, 1978:

John Endres (Appellant) appeals the decision of the Unemployment Compensation Board of Review (Board) denying him benefits because he had been discharged. He asserts that the findings of fact made by the referee do not as a matter of law justify a

conclusion that he had been discharged because of willful misconduct.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), denies an applicant compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." "Willful misconduct" has been defined by this Court as:

> (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973). Whether or not the facts found by the Board justify legal conclusion of willful misconduct is a question of law which this Court may properly decide. *Kentucky Fried Chicken, supra*, 10 Pa. Commonwealth Ct. at 96-97, 309 A.2d at 169.

In this case, the referee made the following findings of fact:

> 1. Claimant was last employed by General Electric Co. for 9 years as a Truck Driver. His final rate of pay was $4.60½ an hour, and his last day of work was December 19, 1975.
>
> 2. During the course of his employment, *claimant had been warned* on numerous occasions about poor work performance, insubordi-

nation, leaving his work area without permission, tardiness, absenteeism, inefficient use of company time and other infractions.

3. *Claimant was discharged* in accordance with the terms of the labor-management agreement *because he received four warning notices* within a 12 month period. (Emphasis added.)

Therefore, all the referee found was that Appellant had received warnings relative to his conduct. The referee made no finding that Appellant had performed any act or course of conduct which could be considered "willful misconduct" as enunciated in *Kentucky Fried Chicken* above. The mere receipt of a warning is not an affirmative act of misconduct. The underlying conduct which prompted a warning may well be "willful misconduct" but where there is no finding that Appellant had actually so conducted himself, the finding that he had been warned will not in itself support a denial of benefits.

Our Supreme Court, in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 86, 351 A.2d 631, 634 (1976), noted

that the issue is not whether the employer had the right to discharge for the questioned conduct of the employee, but rather whether the State is justified in reinforcing that decision by denying benefits under this Act for the complained of conduct. (Footnotes omitted.)

The referee's finding of fact may and does support the conclusion that the employer had the right to discharge the employee, but it did not justify the Commonwealth in denying benefits. A denial of benefits can only be justified by a finding of fact that Appellant's conduct rose to the level of "willful misconduct." *See, e.g., Unemployment Compensation Board of Review v. Dravage*, 23 Pa. Commonwealth Ct. 636,

353 A.2d 88 (1976); *Unemployment Compensation Board of Review v. Kullen,* 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975).

We reverse the Board and remand the case to it for a specific determination and findings as to whether Appellant committed acts of misconduct and whether those acts constituted "willful misconduct."

Accordingly, we

### Order

And Now, this 19th day of September, 1978, the decision of Unemployment Compensation Board of Review is reversed and this case is remanded to it for a specific determination and findings as to whether John Endres committed acts of misconduct and whether, in turn, those acts constituted "willful misconduct."