George J. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John R. Banke,* with him *Bart M. Beier,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 10, 1979:

George J. Miller (employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) which granted benefits to claimant Diana L. Dauber, by reversing the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended* (Law), 43 P.S. §802(e), the "willful misconduct" disqualification.[1]

We affirm the Board.

---

[1] The scope of review in willful misconduct cases is narrowly restricted to questions of law and to determination of whether the Board's findings are supported by substantial evidence. Willful misconduct is a conclusion of law; the employer bears the burden of proof. *Heefner v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977).

"Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; further, all evidence must be viewed in the light most favorable to the party prevailing before the Board, including affording that party the benefit of all logical and reasonable inferences which can be drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

This court has repeatedly held that willful misconduct, to meet the statutory standards, must reflect more than inability to perform, lack of experience, or marginal enthusiasm for the employer's business. *Unemployment Compensation Board of Review v. Kullen,* 21 Pa. Commonwealth Ct. 488, 346 A.2d 926 (1975). Willful misconduct is established only where the acts complained of amount to a detrimental disregard of the employer's interests, or are substantially inimical to those interests. *Kullen, supra; Harbutz v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973).

The record in this case reveals that the claimant's relations with her employer and co-workers were not ideal. Her four-month tenure with the employer was punctuated by several incidents of disharmony, alternatively characterized by the employer as claimant's recalcitrance and reluctance, and by the claimant herself as minor personal disputes or simply expressed dissatisfaction with work assignments or workload allocation. The employer's allegations of instances of outright refusal to perform assignments and deliberate making of errors so as to avoid similar future assignments are squarely contested and denied by claimant's own testimony.

Therefore we cannot hold as a matter of law that the Board was in error in finding that the claimant performed to the best of her ability. The evidence presented at the hearing was conflicting; it is not this court's function to balance that evidence. Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review. *Affalter v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 482, 397 A.2d 863

542

(1979); *Simet v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 85, 396 A.2d 893 (1979).

We hold that the Board's decision is founded on substantial evidence. We therefore affirm the award of unemployment benefits to the claimant.

ORDER

AND Now, this 10th day of September, 1979, the order of the Unemployment Compensation Board of Review dated June 23, 1978, granting benefits to Diana L. Dauber, is hereby affirmed.