Richard R. Dincher, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1985, to Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Ronald C. Travis, Murphy, Mussina, Harris, Travis, Rieders & Humphrey,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 8, 1986:

Richard R. Dincher (claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) denying him benefits on the ground of discharge for willful misconduct under Section 402 (e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was employed as a clerk by Don Waltman Meats in Williamsport, Pennsylvania. He was scheduled to work on Saturday, November 5, 1983, but wished to attend a wedding that day. Claimant felt that he had obtained permission from the head of the store, Mr. Waltman (Waltman), to trade his day off on Saturday, October 29, 1983, with a co-worker whose day off was Saturday, November 5, 1983. When claimant reminded Waltman that he had November 5, 1983, off, and to adjust the payroll accordingly, Waltman refused and the two had words over the matter. The crux of the case is whether claimant called his employer a "liar" during the confrontation and whether the actual conduct which did occur constitutes willful misconduct for purposes of the Act.

The challenged findings regarding the events in question were as follows:

3. Claimant thought it [November 5] had been promised to him as a day off with pay. The employer disagreed.

4. Then claimant called the employer a liar in front of an employee.

5. The employer's policy was to permit time off, but not with pay.

The other findings, which are undisputed, state merely that the above discussion occurred on October 20, 1983, that on the next day on arriving at work claimant was discharged, and that claimant was earning Eight Dollars ($8.00) an hour at his job.

The burden of proof to show willful misconduct is on the employer. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where the party bearing the burden of proof prevails before the Board, as here, we must determine whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record. *Id.; see Swope v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 459, 497 A.2d 289, 290 (1985).

Claimant attacks the above three findings as unsupported by substantial evidence, argues that his conduct as a matter of law did not rise to the level of willful misconduct, and that the Board, consequently, erred in denying benefits. He attacks finding number three (3) as unsupported because there is "absolutely no factual basis in the record" that the claimant sought a day off with pay. He argues that he sought only to trade off days with a co-worker, and to adjust his payroll so as to receive forty (40) hours the weeks of October 29th and November 5th rather than forty-eight (48) hours and thirty-two (32) hours for those respective weeks. We need not resolve this particular contention because even accepting finding number three (3) as true, claimant was not guilty of willful misconduct.

While not a specific finding by either the referee or the Board, it is obvious that the employer would have to pay overtime wages if the proposed switch of days off resulted in any employee working over forty hours per week. However, it is not the reasonableness

of the claimant's request nor the reasonableness of the employer's response which is at issue here. We must solely determine whether, as a matter of law, the discussion surrounding these events rose to a level of willful misconduct by the employee.

Claimant contends that he never called his employer a liar. Instead, he points to the hearing testimony of a disinterested employee who witnessed the argument, who only heard the claimant tell Waltman "well, you lied to me" before walking away. This witness denied that claimant had answered "yes" to Waltman's question "are you calling me a liar." The Board now concedes in their brief that finding number four (4) is unsupported by the evidence, and that the only party who indulged in the use of the word "liar" was Waltman, who apparently accused claimant of calling him a liar without any prompting or affirmation from claimant.

In our view, the gravamen of the alleged misconduct was the finding that claimant had branded Waltman a liar in front of another employee in the store. Since the Board now concedes that this never occurred and that the referee's finding was unsupported by the evidence, we are reduced to the narrow issue of whether a dispute with an employer over a scheduling matter absent epithets and tarnishing applications can as a matter of law constitute willful misconduct.

Reduced to its simplest form, claimant's alleged misconduct was engaging in an adversarial discussion with Waltman unadorned by profanity or loudness challenging his employer's veracity regarding the shift scheduling changes. If true, the allegation that the employer did change his mind about the shift change and that claimant had acted in reliance on the prior permission not to work the 5th of November would mean that claimant was not unreasonable or unjustified in openly questioning his employer's

change of mind. While discretion or pusillanimity might have been wiser courses of action, we cannot hold that claimant's conduct was willful misconduct for purposes of Section 402(e) of the Act.

In the case of *Costa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977), this Court held that vulgar and offensive language addressed to a superior, unless justifiably provoked or de minimis, was behavior constituting willful misconduct. However, in a later case, *Luketic v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 361, 386 A.2d 1045 (1978), it was held that a mere challenge of the employer's veracity absent vulgar and offensive language was not willful misconduct, unlike the *Costa* case. In so holding, *Luketic* followed *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), where our Supreme Court held that where the employee's action is justifiable or reasonable under the circumstances, it cannot be considered willful disregard of an employer's intents, rules, or the standard of conduct the employer has a right to expect, such as to constitute willful misconduct.

We feel that this case is similar to *Luketic* in that the conduct was not egregious such to bar claimant under Section 402(e) of the Act. The question of what constitutes willful misconduct is a question of law for this Court to determine. *McClean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978). The Board erred in denying claimant benefits given their current posture that claimant did not call his employer a "liar", since absent the element of abusive language, claimant's behavior was not unreasonable under *Frumento* and *Luketic*. *See, e.g., Balaschak v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 313, 395 A.2d 638 (1978) (mere talking back to a

108

supervisor absent abusive language is not willful misconduct for purposes of the Act). Consequently, the order of the Board is reversed and benefits are awarded.

ORDER

AND Now, this 8th day of January, 1986, the order of the Unemployment Compensation Board of Review, No. B-226062, dated January 18, 1984, is hereby reversed.

Jurisdiction relinquished.