# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian A. Dietrich,                        :
               Petitioner    :
                             :
              v.            :    No. 488 C.D. 2015
                             :    SUBMITTED: September 11, 2015
Unemployment Compensation                 :
Board of Review,                          :
               Respondent    :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                 **FILED: November 24, 2015**


       Brian A. Dietrich (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] Claimant challenges the Board's conclusion that he was ineligible for benefits under Section 402(e) of the Law because he was discharged for making insolent remarks to his supervisor in violation of Employer's policy prohibiting insubordination. Because the record supports the Board's conclusion, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work …."

Claimant was employed by Samuels and Son Seafood Co., Inc. (Employer) as a full-time lobby attendant performing administrative and clerical work from March 1, 1998, until he was discharged on October 17, 2014. The Erie UC Service Center granted Claimant's application for benefits, determining that he was not ineligible for benefits under Section 402(e) of the Law. After a hearing, at which Claimant and Employer's witnesses, represented by counsel, appeared and testified, the referee concluded that Claimant was discharged for violating Employer's policy prohibiting insubordination and was, therefore, ineligible for benefits under Section 402(e) of the Law.

The Board's findings and the undisputed evidence in the record reveal the following circumstances surrounding the termination of Claimant's employment. On October 17, 2014, Employer's general manager and Claimant's supervisor, Mark Falcone, met with Claimant in his office and gave Claimant a written warning for failing to clock in and out for lunch breaks and eating lunch at the work station in violation of Employer's meal break policy. Claimant had previously received four oral and written warnings in 2012 and 2013 for the same policy violations. Employee Warning Report; Reproduced Record (R.R.) at 17a.

Falcone testified that as Claimant signed the warning and handed it over to him, Claimant asked him, "don't you have better things to do … [a]round here[?]" December 29, 2014 Hearing, Notes of Testimony (N.T.) at 8; R.R. at 73a. Claimant further asked: "What about the ten minute breaks I didn't get for the last five years, how am I going to … get paid for that?" *Id.* Falcone testified: "I had told him no one ever kept him from taking a break. And he says well, we'll have to see about that. I'm going to have to … get in touch with the NLRB [National Labor Relations Board]." *Id.* Falcone further testified:

We proceeded over to the copy machine. I was …

2

> making a copy of the written warning for [Claimant].
> And I said to him, don't tell me how to do my job. And
> that's when he said somebody ought to be telling you
> how to do your job around here. And he said it in the
> office setting, but [Claimant] has a fairly loud voice. I'm
> not saying he was yelling, but he does have a loud
> speaking manner and there was [sic] probably 15 to 20
> people in that office, in the accounting office within
> earshot.

*Id.*

After Falcone discussed the incident with Employer's chief financial officer and Employer's owner, Employer discharged Claimant for violating its written policy prohibiting insubordination. Under Employer's policy, an employee may be subject to disciplinary action, up to discharge, for "[i]nsubordination or refusal to follow management instructions on legitimate job-related matters." R.R. at 31a. The Board determined that Claimant's insolent remarks to his manager amounted to insubordination and that his action was not justified. The Board concluded that Claimant was discharged for willful misconduct and was, therefore, ineligible for benefits under Section 402(e) of the Law. Claimant's appeal to this Court followed.

Claimant argues that the record does not support the Board's conclusion that he was insubordinate. He maintains that he was merely raising legitimate questions about unpaid break time to his supervisor and that his action did not rise to the level of willful misconduct.[2]

_____

[2] In his brief, Claimant attempts to establish that Falcone incorrectly testified before the referee that he asked Falcone, "don't you have better things to do?" According to Claimant, he instead nicely stated to Falcone that "I would think you have better things to do around here." Claimant's Brief at 11. In support, Claimant cites Falcone's deposition testimony taken in his action against Employer filed in the United States District Court for the Eastern District of Pennsylvania. He included in the reproduced record Falcone's deposition testimony (85a-153a) and the deposition testimony of the owner of Employer, Samuel D'Angelo, (154a-165a) taken in **(Footnote continued on next page…)**

An employer contesting an employee's eligibility for benefits under Section 402(e) of the Law has the initial burden of proving that the employee engaged in willful misconduct.[3] *Patla v. Unemployment Comp. Bd. of Review*, 962 A.2d 724, 727 (Pa. Cmwlth. 2008). Once the employer establishes a *prima facie* case of willful misconduct, the burden then shifts to the employee to demonstrate good cause for his or her conduct. *Id.* Where a charge of willful misconduct is based on a violation of a work rule, the employer must prove the existence of the rule, the reasonableness of the rule and its violation. *Ellis v. Unemployment Comp. Bd. of Review*, 59 A.3d 1159, 1162 (Pa. Cmwlth. 2013). Whether the claimant's conduct rose to the level of willful misconduct is a question of law subject to our plenary review. *Scott v. Unemployment Comp. Bd. of Review*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014), *appeal denied*, ___A.3d ___ (Pa., No. 22 WAL 2015, filed August 21, 2015).

Employer's policy does not define the term "[i]nsubordination." BLACK'S LAW DICTIONARY 814 (8th ed. 2004) defines "insubordination" to include "[a]n act of disobedience to proper authority." The definition of the term

_____

**(continued…)**
that action after the Board's decision in this matter. This Court granted the Board's motion and struck their deposition testimony from the reproduced record, stating that it cannot be considered in this appeal because it was not admitted into the record at the referee's hearing and is not a part of the certified record under Rule 1921 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1921. *See Welsh v. Bulger*, 698 A.2d 581, 586 n.12 (Pa. 1997) (holding that appellate courts cannot consider any matter which is not part of the record).

[3] The term "willful misconduct" has been defined as: (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an employer can rightfully expect of its employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008).

"insubordinate" includes "unwilling to submit to authority, … infraction of rules, or a generally disaffected attitude toward authority." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1172 (2002). An employee's "use of abusive, vulgar or offensive language with a supervisor is a form of insubordination that can constitute willful misconduct, even if the employer has not adopted a specific work rule prohibiting such language." *Brown v. Unemployment Comp. Bd. of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

An employee's remarks questioning an employer's authority and veracity in an insolent manner can also constitute willful misconduct. *Sargent v. Unemployment Comp. Bd. of Review*, 630 A.2d 534, 536 (Pa. Cmwlth. 1993). In *Sargent*, the claimant demanded the employer's explanation for discharging her coworkers and accused the employer of spreading rumors as to the cause of the discharge. When the employer denied the accusation, the claimant expressed her skepticism as to the employer's truthfulness. The employer discharged the claimant for her insolent remarks questioning its authority and veracity. The Board concluded that the claimant's behavior of openly and directly questioning the employer's veracity and accusing the employer without cause was "insolence" which was in disregard of the standards an employer could reasonably expect from an employee and rose to the level of willful misconduct. *Id.* at 535. We agreed that the claimant's "manner was insolent" and constituted willful misconduct. *Id.* at 537.

Claimant first stated that his supervisor should have better things to do than issuing a warning to him for violating a meal break policy. Claimant then told the supervisor that someone should tell him how to do his job in a loud voice where 15 to 20 employees in the office could hear. Those remarks questioned the

5

supervisor's authority to enforce Employer's policy and his competency to do his job in an insolent manner. Under *Sargent*, such behavior was in disregard of the standards Employer could rightfully expect from its employees and rose to the level of willful misconduct. *See also Strong v. Unemployment Comp. Bd. of Review*, 459 A.2d 57, 59 (Pa. Cmwlth. 1983) (holding that the claimant's behavior of describing his foreman and the mine superintendent as timorous on the subject of mine safety and calling the superintendent a greenhorn, a person who is inexperienced and unsophisticated in the art of mining, was "no mere peccadillo" and constituted willful misconduct).

Claimant cites *Luketic v. Unemployment Compensation Board of Review*, 386 A.2d 1045 (Pa. Cmwlth. 1978), for the proposition that an employee's raising of legitimate questions about an employer's action does not constitute willful misconduct, even when coupled with the employee's bad attitude. In *Luketic*, the claimant, a caseworker for the local agency, stated at a staff meeting that the local agency was misleading its employees by telling them that they were laid off due to the alleged funding problems. She indicated that she intended to check with the Department of Welfare as to the necessity for the layoffs. Two days later, she was discharged for, *inter alia*, insubordination. We concluded that the claimant's conduct did not rise to the level of willful misconduct because her comments were reasonable and neither vulgar nor abusive. Claimant also cites *Dincher v. Unemployment Compensation Board of Review*, 502 A.2d 797 (Pa. Cmwlth. 1986), to argue that merely talking back to a supervisor is not willful misconduct absent abusive language.

This case is factually distinguishable from *Luketic* and *Dincher*. Unlike in those cases, Claimant's action went beyond merely raising legitimate

6

questions about Employer's meal break policy or talking back to the supervisor. Claimant questioned the supervisor's authority to enforce the written policy and his ability to do his job in an insolent manner in front of the coworkers. Such behavior constitutes insubordination and willful misconduct under *Sargent* and *Strong*.

Accordingly, the Board's order is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian A. Dietrich,             :
          Petitioner    :
                          :
        v.           :    No. 488 C.D. 2015
                          :
Unemployment Compensation  :
Board of Review,            :
          Respondent   :

## O R D E R

AND NOW, this 24th day of November, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

 

                                _____

                                **BONNIE BRIGANCE LEADBETTER,**
                                Judge