Mable Smiley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Jeffrey W. Whitt,* with him *Leslie F. Kidd,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, March 30, 1978:

Mable Smiley (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed an order of the referee denying her benefits upon a finding of wilful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant worked as a stitcher for Globe Ticket Company, Horsham, Pennsylvania. The precipitating incident giving rise to her termination from employment was the refusal of her request to take a vacation day on January 16, 1976. When the request was denied by her supervisor, she thereupon indicated to him that she would take the day off as a sick day. After failing to report to work, Claimant was discharged. The previous day, January 15, 1976, Claim-

ant had been allowed time off for Martin Luther King's birthday. The refusal to grant Claimant's request was based on a reduced work force (since several other employes had reported off as being ill) and on Claimant's prior history of absenteeism. The right to grant or refuse such a request was within the discretion of the company.

The Board found that Claimant had a history of absenteeism which was not always properly reported. She had been warned twice and received a disciplinary suspension of two days on one occasion. The record also indicates that she had been informed that her next absence would result in termination.

When reviewing an appeal from the Board, we are limited to a determination as to whether the Board's findings are supported by substantial evidence and to questions of law. *Frick v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977). Whether or not an employe's actions amount to wilful misconduct is a question of law. This Court has repeatedly defined wilful misconduct as the wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employes, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interests or the employe's duties and obligations to the employer. *Powell v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 512, 377 A.2d 206 (1977); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Claimant's failure to report to work on January 16, 1976, in the face of a direct refusal to grant it as a

vacation day, was a wilful disregard of the employer's interest and a deliberate violation of the employer's rules. Such behavior falls within the intendment of Section 402(e).

The record is replete with references to the events of January 16, 1976. Claimant, in fact, does not deny the occurrence. In light of her prior history of absenteeism, and the warnings and suspension given her as a result, we cannot find that the refusal to grant January 16, 1976, as a vacation day was arbitrary or unreasonable. We are constrained to conclude, therefore, that the Board's determination that Claimant was discharged for being absent without permission so as to amount to a violation of Section 402(e) was based on substantial evidence.

Accordingly, we affirm.

### ORDER

AND NOW, this 30th day of March, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-136806, dated November 12, 1976, is hereby affirmed.