Frank J. Ciccone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Lucille Marsh,* for petitioner.

*Bernadette A. Duncan,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 11, 1978:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation benefits to petitioner (claimant) pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law)[1] (voluntarily leaving work without cause of necessitous and compelling nature). We affirm.

Claimant was last employed as a security guard assigned by his employer to a client's place of business in Dunmore, Pennsylvania. On his last day of work, October 22, 1976, claimant received a telephone call from his supervisor who informed him that he was being removed from the Dunmore assignment at the request of the client and that he was being transferred to a new assignment in the vicinity of Mount Pocono, Pennsylvania, located 32 miles away. Claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Section 402(b)(1) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

ant told the supervisor that he would not accept this assignment because he did not have transportation to travel that distance. On October 25, 1976, the claimant applied for unemployment compensation benefits; however, when he went to his employer's place of business on October 29, 1976 to receive his paycheck, he maintained he had not quit his job when he was asked to return his security badge. Subsequently, the Bureau of Employment Security, the referee and the Board denied benefits.

Claimant raises two principal challenges on appeal. First, he asserts the finding that he voluntarily quit his job because of dissatisfaction with the new assignment cannot stand because it is based upon hearsay evidence of the telephone conversation between the claimant and his supervisor offered by another representative of the employer at the referee's hearing. Since this evidence was not objected to by the claimant at the hearing, the applicable rule is that this testimony may be given its natural probative effect if it is corroborated by other evidence in the record. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Here claimant's own testimony before the referee supports the basic factual premises of the employer representative's rendition of the telephone conversation, that claimant refused to accept the new job assignment because of the travelling distance.

The remaining question is whether the transportation difficulties experienced by the claimant in relation to his new assignment were of such a nature and degree as to amount to a necessitous and compelling reason for refusing the new assignment. In *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 17, 374 A.2d 1017, 1020 (1977) we noted:

Transportation inconveniences can amount to such a reason for quitting, but they must be so serious and unreasonable as to present a virtually insurmountable problem, and the burden of proof lies with the claimant. . . .

In order to make such a showing, we believe that a claimant must demonstrate that he took reasonable steps to remedy or overcome his transportation problem before he severed his employment. (Citation omitted.)

Here, claimant's own testimony before the referee was that he refused the Mount Pocono assignment before making any attempt to arrange for transportation because he "knew" that his parents would not agree to his using one of the family's three automobiles. Given such testimony, we must conclude claimant failed to carry his burden of proving reasonable and prudent efforts on his part to maintain the employment relationship.

Accordingly, we will enter the following

ORDER

AND Now, October 11, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-141219, dated February 25, 1977, is hereby affirmed.