Thomas Reid, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1978, before Judges MENCER, DiSALLE and MACPHAIL, sitting as a panel of three.

356

 

*Timothy P. Hennessy,* for petitioner.

*Michael Klein,* Assistant Attorney General, for respondent.

OPINION BY JUDGE DISALLE, November 1, 1978:

Thomas Reid (Claimant) petitions for review of the decision of the Unemployment Compensation Board of Review (Board), dated February 9, 1977, affirming the referee and thereby denying him benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1).

Claimant was employed as a slitting machine operator for the 3M Company from May, 1973, until June 8, 1976. As a result of an automobile accident in which he was injured and subsequently hospitalized, Claimant was unable to perform the duties of his employment and received disability benefits until July 31, 1976. Although Claimant was advised by his physician to obtain lighter work, he neither returned to his job nor submitted a request for lighter work to his employer. Claimant attributed his failure to request light work to the existence of a union contract which provided for light work only when an employe is injured on the job. It is Claimant's contention, therefore, that this inability to obtain light work was sufficient to sustain his burden of proving a necessitious and compelling cause for his termination.

Our Supreme Court in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), enumerated those criteria which must be established by a claimant alleging that health reasons rise to a necessitous and compelling cause under Section 402(b)(1). A claimant must (1) offer competent testimony that at the time of termination adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer him to a more suitable position within the company. The Board found as a fact that Claimant failed to meet the third requirement.

A careful review of the record indicates that the Board's finding was amply supported by substantial evidence. The testimony of Claimant given at the hearing before the referee reveals that he did not request to be transferred to a position involving lighter work nor did he explain his failure to do so. Claimant did submit to the referee documents to support his contention that he terminated his employment because his employer was precluded from providing him with lighter work under the terms of the labor agreement. These documents, however, are clearly hearsay.

As we stated in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), where, as in the instant case, hearsay evidence is admitted without objection, it will be given its natural probative effect, if it is corroborated by any competent evidence in the record. No such corroborating competent evidence was present here. Furthermore, the fact that such a provision existed in the labor agreement should not relieve Claimant of the duty to request lighter work since a collective bargaining agreement should not control in determining the eligibility of an employe for unemployment compen--

sation. *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959).

We conclude, therefore, that Claimant failed to meet his burden that his termination was for a necessitous and compelling cause. Accordingly, we affirm.

ORDER

AND Now, this 1st day of November, 1978, the order of the Unemployment Compensation Board of Review, dated February 9, 1977, is hereby affirmed.