JoAnne D. Simet, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Michael J. Rostolsky,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DISALLE, January 24, 1979:

JoAnne D. Simet (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits by reason of a determination that Claimant's discharge from her employment was due to willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). It is uncontested that on Claimant's last day of work as a cashier at a retail produce store, she redeemed $20.00 worth of coupons for cookie mix from one customer, her brother, even though she knew that each coupon was stamped "one per customer." Claimant contends that the findings of fact of the Board are not supported by substantial evidence and that the Board's finding of willful misconduct constitutes an error of law. We disagree.

The single contested finding of fact was supported by the testimony of the employer's representative. *Troyen v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978), and *Rodites v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 128, 382

A.2d 1287 (1978), stand for the propositions that the Board is the ultimate fact finder and the arbiter of conflicts in evidence and the credibility of witnesses, and that findings of fact supported by substantial evidence are binding on this Court. The Board's conclusion that Claimant engaged in willful misconduct comports with law in that the evidence indicates that the employer notified Claimant of its basic policy regarding the redemption of coupons; that Claimant knew that only one coupon per customer could be accepted; that Claimant nevertheless accepted coupons in derogation of the Employer's policy and her own understanding of what was permissible; and that the Employer was adversely affected thereby. In *Smiley v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 382, 383 A.2d 985 (1978), we held that an employee's willful disregard of an employer's interests or the standards of behavior which an employer has a right to expect of an employe may constitute willful misconduct. We affirm.

### Order

And Now, this 24th day of January, 1979, the order of the Unemployment Compensation Board of Review, dated July 11, 1977, denying benefits to JoAnne D. Simet, is hereby affirmed.