Stanley Fair, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

116

*John McCrea, III,* of *McCrea & Davis,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 13, 1980:

Petitioner Stanley Fair (claimant) appeals from the decision of the Unemployment Compensation Board of Review (board), which affirmed the referee's denial of unemployment benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), the "willful misconduct" disqualification.[1]

We affirm the board.

----

[1] Wilful misconduct is a conclusion of law; the employer bears the burden of proof. The scope of review is narrowly restricted to questions of law and determination of whether substantial evidence exists to support a finding of wilful misconduct. *Heefner v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977).

Substantial evidence means such relevant evidence, viewed in the light most favorable to the party prevailing before the board and affording that party the benefit of all logical and reasonable inferences from the evidence, as a reasonable mind might accept as adequate to support a conclusion. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Claimant's employer, Burger King, discharged him from his supervisory position for what the employer characterized as insubordination. The referee's findings reveal the underlying event to be claimant's statement to another employee, when claimant was leaving work because of illness, that (in the words of the finding) "the employer should not call him because he would not talk to the employer and that he would come back to work when he was ready." Claimant does not attack the findings directly, but characterizes his words as merely declarative rather than defiant or imperative.

The conflict in the testimony is apparent: Claimant contends that he said only that he would return to work when he regained his health; employer's witness testified that claimant's remarks were as found by the referee in the finding quoted above. The referee resolved that conflict in favor of the employer; because substantial evidence in the record supports that resolution, we will not upset it here.[2]

Claimant contends that his absence from work and his remarks were reasonable under the standard of good cause enunciated in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).[3]

---

[2] Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the board, and are not subject to re-evaluation on judicial review. *Affalter v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979); *Simet v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 85, 396 A.2d 893 (1979).

[3] The burden of showing cause sufficient to negate willful misconduct has been articulated in *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 505, 395 A.2d 708, 709 (1979) where Judge WILKINSON stated:

[I]f the employee comes forward under the doctrine of Frumento, supra, and attempts to justify the violation, the employee then has the burden of establishing good cause.

118

Claimant mistakenly considers his absence and the simple fact of his statements to be the basis of his dismissal; however the record reveals from the testimony of employer's witness that claimant was not discharged for absence, which, being due to illness, would bring the case closer to *Frumento, supra.* It was the don't-call-me-I'll-call-you tenor of claimant's remarks and the fact that they were not directly communicated to the claimant's superior, but only to other personnel to be relayed to his superior, which precipitated his discharge.

On the facts as found by the referee, and affirmed by the board, we cannot hold as a matter of law that claimant's conduct was other than a substantial disregard of the employer's interests, or of standards which an employer can rightfully expect of employees.

Accordingly, we affirm.

### ORDER

AND Now, this 13th day of March, 1980, the decision of the Unemployment Compensation Board of Review, affirming the denial of benefits to Stanley Fair, Jr., is affirmed.

President Judge BOWMAN did not participate in the decision in this case.