Lewis Funkhouser, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

34

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Susan J. Pearlstein,* with her *Joy V. Maffei* and *William J. Fries,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 16, 1980:

Lewis Funkhouser (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision that the claimant was ineligible for benefits because he had voluntarily terminated his employment without cause of a necessitous and compelling nature.

The claimant was employed by the Goodyear Tire Company (employer) as a tire buffer and was required to operate a machine that removed the tread from used tires. On his last day of work on June 14,

1978, for reasons not revealed in the record, he experienced extreme difficulty in the performance of his job so that not only was his productivity affected adversely, but increased damage was done to the tires from which he removed the tread. His supervisor called the claimant's home the next morning and spoke with the claimant's wife about the problems which had occurred at work the day before, and, when the claimant learned of the call, he returned to the employer's plant where an angry conversation then ensued between his supervisor and him. During this confrontation, the supervisor recommended that the claimant take a week of vacation. The claimant refused and instead told the supervisor that he was quitting. After this incident, the claimant entered a hospital for two weeks and underwent physical and psychological examinations. Approximately three weeks after his discharge from the hospital, he unsuccessfully attempted to be rehired by the employer.

The claimant contends that he was suffering from emotional problems which placed him in an irrational state of mind at the time he quit work and that his leaving was therefore not voluntary under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 42 P.S. §802(b)(1). In the alternative, he contends that his mental state constituted a "cause of a necessitious and compelling nature" for his quitting work.

Section 402(b)(1) of the Law, 43 P.S. §802(b)(1), provides in part:

An employee shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

When an employee quits his job, this is a voluntary action on his part whether or not there may also be attendant conditions which may bring it about, such as health problems or a change in family circumstances which may be entirely outside his control. As the Supreme Court recognized in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 360, 378 A.2d 829, 833 (1977), quoting from *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A.2d 898, 903 (1946):

> When therefore the pressure of real . . . circumstances *compel* the decision to leave employment, the decision is voluntary in the sense that the worker has willed it, but involuntary because outward pressures have compelled it. Or to state it differently, if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits. (Emphasis in original.)

The issue in such a case as this, therefore, is whether or not, although the claimant voluntarily left his work, he did so for a necessitous and compelling reason.

In an unemployment compensation case where, as here, the party with the burden of proof did not prevail below, review by this Court is to determine whether the Board acted in capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). The claimant's testimony below does indicate that he was under such diminished mental capacity at the time he left employment that this condition might be said to have compelled his departure. Parts of his own testimony, however, as well as the testimony of his supervisor, contradict that evidence and indicate that he actually terminated his em-

ployment because of his dissatisfaction with his working conditions. The referee apparently believed this latter interpretation to be correct for, although he did find that the claimant suffered from emotional problems, he concluded: "The record reveals that the claimant . . . decided to quit his job . . . because he was dissatisfied with the machine he was using to buff tires."

Because questions of credibility and of evidentiary conflicts are for the Board to resolve, *Simet v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 85, 396 A.2d 893 (1979), and because the evidence shows that the Board's decision was not made in capricious disregard of the evidence, we must affirm.

The claimant also contends that, even if his termination was voluntary and without good cause, the fact that his subsequent request for reinstatement was refused by the employer indicates as a matter of law that the termination was tantamount to a discharge. The claimant relies for this proposition on *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), which held that where an employee submits a letter of resignation, and later rescinds the resignation prior to its effective date, the employee will be held to have terminated his employment unless he can show that the employer has not yet begun the process of choosing a replacement. *See Soyster Unemployment Case,* 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962); *Lovrekovic v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978). In the instant case the claimant's termination was effective on June 15, 1978, and he did not attempt to be rehired until July 28, 1978. *Walker, supra,* therefore, is inapplicable to the present situation because the effective date of the claimant's termination preceded his attempt to return to work.

We must therefore affirm the Board's order and hold the claimant to be ineligible for benefits.

ORDER

AND NOW, this 16th day of July, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.