Barbara Check, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Lawrence J. Briody,* with him *James M. Connell, Briody and Keenan,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, January 9, 1981:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision which had denied unemployment compensation benefits to Barbara Check (claimant). We affirm.

Claimant was employed by Casco Sportswear Co., Inc. (employer) as a part-time single needle sewing machine operator at $3.65 per hour from September of 1973 to March 30, 1979. On March 27, 1979 claimant went to a Robert S. Stein, M.D. where she was treated for a chronic sinus problem. At this visit, because claimant indicated that she had an opportunity to visit her son in San Diego, California, Dr. Stein stated that a period of time in an area of low humidity would be helpful. On March 30, 1979 claimant advised her employer that she would not be coming into work

the following week. She did not mention her immediate health problem or her recent visit to the doctor as the reason for her proposed absence. At that time, her employer advised her, as he had in the past, of his policy that whenever employees requested time off or vacations that such time off was without his permission and that she was running the risk of not having a job upon her return. Claimant had, in the past, also been warned by her union representative about the consequences of taking time off from work without permission. Claimant went to San Diego the following week and returned home on April 8, 1979. When she telephoned her employer on April 9, 1979, as was her normal practice, she was told there was no longer any work for her. Her position had been filled while she was gone. Claimant filed an application for benefits on April 12, 1979. The Bureau (now Office) of Employment Security held on May 3, 1979 that claimant was ineligible for benefits on the ground of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant appealed and after a hearing, where claimant and employer's payroll clerk testified, the referee affirmed but based the denial of benefits upon Section 402(b)(1) of the Act, 43 P.S. §802(b)(1) (terminating employment without necessitous and compelling reason).[1] Claimant again ap-

---

[1] Because the referee expressly asked for and received permission from the parties to consider the case under both Section 402(b)(1), 43 P.S. §802(b)(1), and Section 402(e), 43 P.S. §802(e), we do not have a breach of the Department of Labor and Industry Regulation at 34 Pa. Code §101.87 (requiring the referee to consider the issues expressly ruled upon by the Office of Employment Security) as existed in *Corressel v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978) and *Bilsing v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978).

pealed and the Board summarily affirmed the referee's decision.

Claimant initially contends that she did not voluntarily terminate her employment. She twice admitted, however, that she was fully aware of the employer's policy concerning unauthorized absences and of the risk she was taking in leaving work without the permission of her employer. Because she was aware of these facts, we must hold that she neglected to take those precautions which a reasonably prudent person would have taken to preserve their job and, therefore, that she left her employment voluntarily. She did not ask for a leave of absence due to sickness or even give notice to her employer that she was leaving due to illness.[2] When a claimant's conduct is not consistent with a desire to remain employed, we have held in the past that he has, in effect, voluntarily left his employment. *See O'Donnell Unemployment Compensation Case*, 173 Pa. Superior Ct. 263, 98 A.2d 406 (1953).

Secondly, claimant argues that her health problem was a necessitous and compelling reason to leave her job. In order to qualify for benefits under the Act, claimant has the burden of proving that she quit due to a necessitous and compelling reason. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973); *Kernisky v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973). Whether we consider claimant's illness as temporary or permanent, claimant has not upheld her burden in

---

[2] The claimant argues that the record does not support the conclusion that no notice of her illness was given to the employer. Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board and are not subject to reevaluation on judicial review. *Fair v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 115, 412 A.2d 667 (1980). Suffice it to say that claimant's own testimony supports the conclusion that no notice was given.

this case. "Where a claimant leaves employment because of a temporary disability with the expectation of later returning to work, he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force." *Stover Unemployment Compensation Case*, 196 Pa. Superior Ct. 92, 96, 173 A.2d 678, 680 (1961). In *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), our Supreme Court enumerated three criteria which must be met to prove serious health problems rise to necessitous and compelling cause. "A claimant must (1) offer competent testimony that at the time of termination adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer him to a more suitable position within the company." *Reid v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 355, 357, 393 A.2d 51, 53 (1978). The referee found, and the record supports such a finding, that the claimant did not satisfy any of these requirements.[3]

---

[3] Claimant's remaining two arguments are also without merit. First, the referee's questioning of the claimant was thorough but not to the point of acting as an "agent of the Commonwealth" as claimant contends. Certainly there was no colloquy similar to that which existed in *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 113, 420 A.2d 37 (1980) showing that the referee had stepped out of his role as an impartial fact-finder. Secondly, hearsay testimony of the employer's representative, if any, which was not properly objected to, was adequately corroborated by other evidence in the record allowing it to be given its natural probative effect. *Ciccone v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 110, 395 A.2d 580 (1978). The one hearsay response objected to by the claimant during the hearing was not apparently admitted into evidence by the referee and, at any rate, was not given any weight by the referee in his decision. *See Dombroskie v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 546, 405 A.2d 1044 (1979).

52

Because we find, after careful review of the record, that the Board did not capriciously disregard any competent evidence when he concluded that claimant voluntarily terminated her employment without necessitous and compelling cause, we affirm the Board's denial of benefits.

Accordingly, we will enter the following

ORDER

AND Now, January 9, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-174629, dated August 8, 1979, is hereby affirmed.