Megan V. Pecci, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges WILKIN-
SON, JR., BLATT and WILLIAMS, JR., sitting as a panel
of three.

*Alan Williams,* with him *Thomas G. Mundhenk,
Williams and Schildt,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General,
with her *James K. Bradley,* Assistant Attorney
General, *Richard Wagner,* Chief Counsel, and *Harvey
Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 19, 1981:

The petitioner[1] seeks review of an order of the
Board[2] which found that she was ineligible for benefits
under Section 402(b)(1) of the Unemployment Com-
pensation Law,[3] because she voluntarily terminated
her employment without cause of a necessitous and
compelling nature.

---

[1] Megan V. Pecci.

[2] Unemployment Compensation Board of Review.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937)
2897, *as amended,* 43 P.S. §802(b)(1).

The petitioner was employed as a child care aide. In October of 1978, her supervisor was injured in an automobile accident, was then absent for an extended period, and during her absence the petitioner appears to have handled both jobs for a month. At that time her employer hired a number of part-time employees to assist her. She argues, nevertheless, that she was performing functions which had originally been handled by her supervisor and that when her request for a raise in salary was denied, her submission of her resignation was justified and she was entitled to unemployment compensation. Benefits were denied, however, by the Office of Employment Security, whose decision was later affirmed by a referee and by the Board, all finding that she did not have compelling cause for resigning.

She argues now that either her employment status changed from supervised to unsupervised during her superior's absence and that such a change imposed additional duties which justified her resignation or, alternatively, that it constituted such an unreasonable alteration of her working conditions as to be good cause for her resignation.

The Board found that, after the first month of her supervisor's absence, the petitioner was not performing any duties for which she had not originally been hired. And a witness for the employer testified that, while the petitioner may have assumed additional duties immediately after her supervisor's automobile accident, within a month thereafter part-time help was hired at her request so that she then performed only those functions which had originally been assigned to her. We conclude that such testimony supports the Board's finding and precludes a determination that there was a capricious disregard of evidence.[4]

---

[4] Where the petitioner, who has the burden or proving that her resignation was for necessitous and compelling cause, has not

As to any unreasonable change in the petitioner's working conditions,[5] an employer may make reasonable modifications in tasks which an employee is expected to perform, *Tucker v. Unemployment Compensation Board of Review, supra* n. 5, and in light of the fact that the petitioner's duties at the time of her resignation were no different than when she was hired, we cannot say that a change resulting in a lack of supervision is unreasonable per se.[6]

We will, therefore, affirm the Board's denial of benefits.

ORDER

AND, Now, this 19th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

prevailed below, we must confirm the Board's findings of fact unless there has been a capricious disregard of competent evidence. *Funkhouser v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980).

[5] To prove that a termination of employment was based on compelling cause, the petitioner must not only demonstrate that her working conditions have changed, but also that the change was unreasonable. *Tucker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974).

[6] The record reveals a direct conflict in the evidence as to whether or not the petitioner was supervised during her superior's convalescence. In the absence of a specific finding by the Board on this issue, we will assume for the sake of this argument that she was unsupervised.