Clarence E. Strong, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 3, 1983, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Joseph Kubacki, Jr.*, for petitioner.

*Richard L. Cole, Jr.*, Chief Counsel, with him *Charles D. Donahue*, Associate Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 22, 1983:

The Office of Employment Security, a referee and the Unemployment Compensation Board of Review all denied benefits to the appellant, Clarence Strong, because, as they concluded, his unemployment was caused by his willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The claimant was employed as a coal mine examiner. In April, 1981, the United Mine Workers were on strike, the employer's mine was idled and as a consequence the claimant and other mine examiners had not been examining all air courses, bleeder evaluation points and other places in the mine as they regularly did when the mine was producing coal. For reasons which seemed good to them, including a recent mine disaster in Colorado, the superintendent

and the general manager of the mine decided that the air courses, the bleeder evaluation points and other places regularly examined should be examined as if the mine were producing coal.

When the claimant reported for work on April 27, 1981, he and the other examiners were instructed by the mine foreman to do the full examination. The claimant in a boisterous and truculent manner objected to and derided the new orders as unnecessary, declaring that full examination was not required by government mine inspectors when the men were out. He described the author of the posted notice of the new procedures as a greenhorn and charged his superiors with "running scared." All this took place in the presence of at least eight other salaried employees. The mine foreman then required the claimant to meet with the mine superintendent to whom the claimant repeated his denunciation of the work order in some of the same language he had used before. The mine superintendent with authority from the general manager then discharged the claimant for insubordination.

The claimant says that his conduct was not willful misconduct because he did not actually refuse to do the work, that his dereliction, if any, was *de minimus* and that he was provoked. It is not necessary in this class of case that the claimant refuse to do the assigned work to be found to have committed acts of willful misconduct. Abusive language directed to a superior is a form of insubordination which alone may be found to be disqualifying. *Nesmith v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 579, 402 A.2d 1132 (1979); *Costa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977). In *Costa* the claimant called his superior a liar. The

claimant in this case described his foreman and the mine superintendent as timorous on the subject of mine safety and called the superintendent a greenhorn—a person inexperienced and unsophisticated in the art of mining. In the context of mine safety and in the setting in which the first discourse was delivered; that is, before a gathering of other examiners; the claimant's conduct was no mere peccadillo.

It is not entirely clear to whom or what the claimant refers in asserting that he was provoked. There is nothing in the record pointing to any person as the cause of his dissatisfaction with the order for full inspection of the mine. If the foreman is meant, the evidence discloses that he responded to the claimant's outburst only by reminding him that the claimant's superiors ran the mine. In any event, the compensation authorities made no finding on this factual issue and the claimant has not pointed us to any evidence of provocation which was capriciously disregarded.

Finally, the claimant complains that the denial of his application for compensation was an abridgement of his First Amendment right to freedom of speech. But the claimant's expression of objection to the work order was not the kind of speech which outweighs the state's interest in maintaining the integrity of the unemployment compensation program by disqualifying persons not entitled by law to receive it. Speech which is protected by the First Amendment is ordinarily speech on matters of public interest and concern or concerning expressions about artistic, literary, social or ethical matters. The claimant's remarks had no such content. They were expressions of his personal pique over having to perform a regular work assignment. *See, Bala v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 487, 400 A.2d 1359 (1979).

558

Moreover, a close examination of the record shows that the claimant was not fired because of the content of his opinion. When given the order, the claimant objected; when told it had to be done, he replied that the government mine inspector told him it didn't have to be done; when the foreman reminded him that the government mine inspector didn't run the mine, he nevertheless continued the debate with the foreman and later with the mine superintendent. The claimant was discharged not for expressing his thoughts; but for debating and debating again whether he should be told to perform a regular duty of his employment, instead of performing it.

Order affirmed.

ORDER

AND Now, this 22nd day of April, 1983, the order of the Unemployment Compensation Board of Review in above captioned matter is hereby affirmed.