Rosemarie Cundiff, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1985, to Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Carol S. Mills McCarthy,* for petitioner.

*Sandra E. Wise,* with her, *Philip J. Murren, Ball & Skelly,* for intervenor, Saint Joseph Home for the Aged.

OPINION BY JUDGE PALLADINO, March 19, 1985:

This is an appeal by Rosemarie Cundiff (Claimant) from an order of the Unemployment Compensation Board of Review (Board), affirming a referee's decision which denied benefits on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We reverse.

The facts as found by the Board[2] are essentially undisputed. On March 20, 1981 Claimant was em-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The Board heard oral argument and made its own findings of fact and conclusions of law in this case.

ployed as a nurse's aide by the St. Joseph Home for the Aged (Employer). Her regular schedule required that she attend patients from 7 to 8 a.m. and that at 8 a.m. she begin feeding patients. On the morning of March 20, 1981, one of Claimant's totally invalid patients was incontinent and required extensive bathing. At 8 a.m. Claimant's supervisor discovered her with this patient in the tub room and told her to attend to the feeding of other patients. Claimant replied "get off my back; so what, there are other people out there than can feed patients, I don't have to do that."[3] Claimant was discharged for insubordination. The Board concluded that Claimant had good cause to be taking care of the incontinent patient but denied Claimant benefits because "she was not justified in making insubordinate remarks to her supervisor."

In an unemployment compensation case the burden of proving willful misconduct is on the employer. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). When the party bearing the burden of proof prevails before the Board, this Court's scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence and whether the Board has committed an error of law. *Milne v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 30, 457 A.2d 224 (1983). Whether specific conduct constitutes willful misconduct is a question of law subject to review by this Court. *Gilbert v. Unemployment Compensation*

---

[3] The exact words used by Claimant are a matter of some dispute between the parties. The Board's finding is supported by substantial evidence, we are therefore bound to consider Claimant's statement to be as the Board found it. *See McDermott v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981).

*Board of Review,* 60 Pa. Commonwealth Ct. 446, 431 A.2d 1151 (1981).

We first note that Claimant had good cause to refuse to leave the invalid patient in the tub to attend to feeding chores.[4] If an employee has good cause for refusing to comply with a directive of the employer, the refusal does not constitute willful misconduct. *Tisak v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 399, 424 A.2d 635 (1981). It is the "insubordinate remarks", that is, the words by which Claimant communicated her refusal, that the Board found to be willful misconduct. Claimant's language, however, was not abusive, vulgar or offensive by modern standards of parlance. Her words may have been somewhat curt, but under the circumstances they were not unreasonable.

The Employer, relying on *Losch v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 94, 461 A.2d 344 (1983),[5] argues that insubordination is a category of willful misconduct separate and

---

[4] When an employee attempts to justify a refusal to carry out the employer's directive by showing that the directive was unreasonable or his conduct was for good cause, the burden of proof shifts to the employee. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Implicit in the Board's holding that Claimant had good cause to take care of the patient is the conclusion Claimant had met her burden of proving good cause for her refusal to leave the patient in the tub. This conclusion is supported by substantial evidence in the record, specifically, the Employer's own testimony that Claimant had been instructed never to leave a patient alone in the tub. Further, it would be unreasonable to require Claimant to jeopardize the patient's safety in order to comply with the directive of her supervisor.

[5] In *Losch,* the employee, upon being denied a request for time off, told her supervisor to "take your job and shove it up your a—." The Court, analyzing this statement under standards for both vulgar language and insubordination, ultimately concluded that it did constitute willful misconduct. The Court determined, however, that the employee's conduct was not justified by good cause.

distinct from vulgar and offensive language and therefore Claimant's statement should not be analyzed by this Court in the same manner as vulgar and offensive language. Specifically, the Employer contends that Claimant's statement should not be subject to exception from classification as willful misconduct if found to be provoked or *de minimis*.[6] We disagree.

While this Court has held that abusive language directed to a superior is a form of insubordination, *Strong v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 554, 459 A.2d 57 (1983), the language used must be examined to determine whether it is, in modern parlance, abusive, vulgar or offensive.[7] If the language is found to fit within one of these categories, it will constitute willful misconduct unless provoked or *de minimis*.[8]

Our Supreme Court has held that where the action of an employee is reasonable under the circumstances

---

[6] Vulgar and offensive language addressed to a superior constitutes willful misconduct unless the language was justifiably provoked or *de minimis*. *Luketic v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 361, 386 A.2d 1045 (1978).

[7] In *Strong* the employee objected to and derided his supervisor's orders in a boisterous and truculent manner. 73 Pa. Commonwealth Ct. at 556, 459 A.2d at 58. This Court reviewed the language employed and the circumstances surrounding the objection in order to decide whether the employee's conduct constituted willful misconduct. *Id.* at 556-558, 459 A.2d at 59.

[8] *See e.g., Blount v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 627, 466 A.2d 771 (1983) (threat by Claimant found to be off-hand utterance in the nature of a joke held not willful misconduct); *Luketic v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 361, 386 A.2d 1045 (1978) (Claimant's statement that her employer was being less than honest found justifiable and not willful misconduct under the circumstances); *Longacre v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 316 A.2d 110 (1974) (allegedly offensive remark by Claimant found to be provoked and *de minimis*).

it cannot be considered willful misconduct since it is not a willful disregard of the standard of conduct the employer has a right to expect. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631, (1976). Having determined that Claimant's language was not unreasonable under the circumstances, we hold that it was *de minimis;* it was not such a willful disregard of the standard of conduct which the Employer had a right to expect as to disqualify her from receiving unemployment compensation benefits. The order of the Board is reversed.

## ORDER

AND Now, March 19, 1985, the order of the Unemployment Compensation Review Board, No. B-197843-B, in the above-captioned matter is reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.