IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank R. Kachurka,                          :
                                            : No. 2345 C.D. 2013
                          Petitioner        : Submitted: June 6, 2014
                                            :
              v.                            :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                          Respondent        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                           FILED:  August 1, 2014


              Frank R. Kachurka (Claimant) petitions for review, *pro se*, of the
November 20, 2013, order of the Unemployment Compensation Board of Review
(UCBR) affirming the decision of a referee to deny Claimant unemployment
compensation (UC) benefits.  The UCBR determined that Claimant was ineligible for
benefits under section 402(e) of the Unemployment Compensation Law (Law)[1] due to
his discharge from work for willful misconduct.  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).    Section 402(e) of the Law provides that "[a]n employe shall be ineligible for
compensation for any week . . . [i]n which his unemployment is due to his discharge . . . from work
for willful misconduct connected with his work."  43 P.S. §802(e).

Claimant worked for Boyer's Food Markets (Employer) as a courier until July 23, 2013. (UCBR's Findings of Fact, No. 1.) Claimant was dissatisfied with a fellow courier and felt that the other courier returned their shared vehicle to him in poor condition on multiple occasions. (*Id.*, No. 2.) Claimant told Employer's Chief Financial Officer (CFO) to either fire the other courier or fire him. (*Id.*, No. 5.) Claimant also told the CFO that the CFO was "pathetic." (*Id.*) Employer discharged Claimant for violating its policy prohibiting insubordination.

Claimant filed a claim for UC benefits, which the local service center denied. Claimant appealed to the referee, who held an evidentiary hearing on September 25, 2013. On September 26, 2013, the referee affirmed the local service center's determination, concluding that Claimant was discharged for willful misconduct and, therefore, was ineligible for UC benefits under section 402(e) of the Law. Claimant appealed to the UCBR, which affirmed. Claimant now petitions this court for review.[2]

> Willful misconduct has been defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. The determination of whether an employee's conduct constitutes willful misconduct is a question of law, subject to our review. *Bivins v. Unemployment Compensation Board of Review*, 470 A.2d 662, 664 (Pa. Cmwlth. 1984).

and substantial disregard of the employer's interests or the employee's duties and obligations.

*Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78 (Pa. Cmwlth. 2012). When an employee is discharged for violating a work rule, the employer must prove the existence of the rule and the fact of its violation. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). The burden then shifts to the employee to prove that he had good cause for violating the rule. *Id.*

Here, Employer had a policy prohibiting insubordination, which Claimant violated by telling the CFO that he was pathetic and stating that the CFO needed to fire "either the other courier or him." (*See* UCBR's Findings of Fact, No. 5.) "Abusive language directed to a superior is a form of insubordination which alone may be found to be disqualifying." *Strong v. Unemployment Compensation Board of Review*, 459 A.2d 57, 59 (Pa. Cmwlth. 1983) (holding that an employee who defiantly debates with a supervisor over assignments commits willful misconduct, even if the employee's statements lack vulgarity).

Claimant argues that he had good cause for his actions because he acted in accordance with Employer's policies by: (1) addressing the misbehavior of his co-worker, (2) seeking to resolve a conflict between himself and a co-worker, and (3) offering suggestions for improving the workplace. However, Claimant's conduct went beyond these aims into the realm of insubordination when he insulted his supervisor and demanded that Employer either fire the other courier or him. Thus, Claimant committed willful misconduct by violating Employer's policy against insubordination.

3

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank R. Kachurka,     :
           : No. 2345 C.D. 2013
      Petitioner :
           :
     v.      :
           :
Unemployment Compensation  :
Board of Review,      :
           :
      Respondent :

## O R D E R

AND NOW, this 1st day of August, 2014, we hereby affirm the November 20, 2013, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge