IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dominique Battle,                           :
                                            : No. 624 C.D. 2016
                    Petitioner              : Submitted:  August 26, 2016
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                    Respondent              :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                     FILED:  October 24, 2016


            Dominique Battle (Claimant) petitions for review, *pro se*, of the
March 30, 2016, order of the Unemployment Compensation Board of Review
(UCBR) affirming the decision of a referee to deny Claimant unemployment
compensation (UC) benefits.  The UCBR determined that Claimant was ineligible
for UC benefits under section 402(e) of the Unemployment Compensation Law
(Law)[1] because she was discharged from work for willful misconduct.  We affirm.

_____

            [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(e).   Section 402(e) of the Law provides that "[a]n employe shall be ineligible for
compensation for any week . . . [i]n which [her] unemployment is due to [her] discharge . . . from
work for willful misconduct connected with [her] work."  43 P.S. §802(e).

Claimant worked as a cashier for P&R Discounts (Employer) from September 17, 2014, through January 3, 2016. (Findings of Fact, No. 1.)[2] Claimant had a history of disciplinary problems during the course of her employment. (*Id.*, No. 2.) On January 3, 2016, Kelvin Torres, Claimant's manager, directed Claimant to return to her work duties. (*Id.*, No. 3.) Claimant did not return to her work duties, whereupon Torres suspended Claimant. (*Id.*, Nos. 4-5.) About 20 minutes after Torres suspended Claimant, Claimant argued with Torres and told Torres that he was "being a little bitch." (*Id.*, No. 6; N.T. 2/22/16, at 7.) Torres then discharged Claimant for arguing and using profane language towards him. (Findings of Fact, No. 7.)

Claimant filed a claim for UC benefits, which the local service center denied under section 402(e) of the Law. Claimant appealed to the referee, who held a hearing on February 22, 2016, at which Claimant and Torres testified. The referee affirmed the service center's denial of UC benefits, concluding that Employer discharged Claimant for willful misconduct. (Ref.'s Decision at 2-3.) The referee credited Torres' testimony that he suspended Claimant for failing to return to her work duties and later discharged Claimant for arguing with him and using profane language towards him. (*Id.* at 2.) The referee discredited Claimant's testimony that contradicted Torres' testimony on these points. (*Id.*) Claimant

---

[2] The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety.

appealed to the UCBR, which affirmed. Claimant now petitions this court for review.[3]

First, Claimant argues that the Board's findings that she refused to return to work and that Torres suspended her are erroneous.[4] We disagree. The UCBR is the ultimate fact-finder and arbiter of witness credibility and evidentiary weight. *Allen v. Unemployment Compensation Board of Review*, 638 A.2d 448, 450 (Pa. Cmwlth. 1994). Here, the UCBR credited Torres' testimony that he suspended Claimant because Claimant refused to return to her work duties. Therefore, the UCBR's findings are supported by substantial evidence.

Next, Claimant argues that the UCBR erred in concluding that she committed willful misconduct. We disagree.

"Willful misconduct" is defined as: (1) a wanton and willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer has a right to expect from its employee; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Bailey v. Unemployment Compensation*

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] Claimant argues that she was immediately discharged.

3

*Board of Review*, 597 A.2d 241, 243 (Pa. Cmwlth. 1991). The employer bears the burden of proving that the employee engaged in willful misconduct. *Id.*

"An employee's use of abusive, vulgar or offensive language with a superior is a form of insubordination that can constitute willful misconduct, even if the employer has not adopted a specific work rule prohibiting such language." *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). We must examine the parlance of the language and the context in which it is used to determine if the language is abusive, vulgar, or offensive. *Cundiff v. Unemployment Compensation Board of Review*, 489 A.2d 948, 951 (Pa. Cmwlth. 1985). "If the language is found to fit within one of these categories, it will constitute willful misconduct unless provoked or *de minimis*." *Id.* "Even a single instance of vulgarity addressed to and unprovoked by a supervisor may support a finding of willful misconduct." *Viglino v. Unemployment Compensation Board of Review*, 525 A.2d 450, 453 (Pa. Cmwlth. 1987).

Here, the UCBR credited Torres' testimony that after he suspended Claimant for not performing her work duties, Claimant started an argument and told Torres that he was "being a little bitch." Examining the parlance of Claimant's language and Claimant's use of the language during an argument with Torres, her manager, we conclude that Claimant's language was abusive, vulgar, and offensive. There is no credible evidence in the record indicating that Torres provoked Claimant's language or that Claimant's language was in any way *de minimis*. Therefore, the UCBR properly concluded that Claimant committed willful misconduct.

4

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dominique Battle,              :
                         : No. 624 C.D. 2016
             Petitioner    :
                         :
           v.           :
                         :
Unemployment Compensation      :
Board of Review,              :
                         :
           Respondent    :

## O R D E R

AND NOW, this 24th day of October, 2016, we hereby affirm the March 30, 2016, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge